UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.,
a Michigan corporation,

      Plaintiff/Counter-Defendant,

vs.

CITY OF DETROIT,

      Defendant/Counter-Plaintiff,

Case No. 2:17-cv-12378
Hon. Linda V. Parker
Mag. Jdg. Stephanie Dawkins Davis

CITY OF DETROIT,

      Third-Party Plaintiff,

vs.

JERRY PARKER, an individual,
HUSSEIN M. HUSSEIN, an individual,
LOUAY M. HUSSEIN, an individual,
MARC DELDIN, an individual,
SKY LINE ENTERPRISE 1.0, INC.,
a Michigan corporation, d/b/a METROTECH
AUTO SALES & COLLISION, and
METROTECH AUTO SALES, LLC,
a Michigan limited liability company,

      Third-Party Defendants.

| | |
|---|---|
| **MARC DELDIN (P71041)**<br>Deldin Law<br>48 S. Main, Suite 3<br>Mount Clemens, Michigan 48043<br>(586) 741-8116<br>marc@deldinlaw.com | **MELVIN BUTCH HOLLOWELL, JR. (P37834)**<br>**CHARLES N. RAIMI (P29746)**<br>City of Detroit, Law Department<br>Attorneys for City of Detroit<br>2 Woodward Ave., Suite 500<br>Detroit, MI 48226<br>(313) 237-5037<br>hollowellm@ detroitmi.gov<br>raimic@detroitmi.gov |

**RONALD G. ACHO (P23913)**
**BRANDAN A. HALLAQ (P81056)**
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for City of Detroit
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
racho@cmda-law.com
bhallaq@cmda-law.com

## DEFENDANT/COUNTER-PLAINTIFF AND THIRD-PARTY PLAINTIFF THE CITY OF DETROIT'S AMENDED COUNTER-COMPLAINT AND THIRD-PARTY COMPLAINT

**NOW COMES** Defendant/Counter-Plaintiff and Third-Party Plaintiff the CITY OF DETROIT, by and through its attorneys, THE CITY OF DETROIT LAW DEPARTMENT, and by CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and for its Amended Counter-Complaint and Third-Party Complaint, states as follows:

## PRELIMINARY STATEMENT

This case involves an elaborate and wide ranging scheme of fraud, deception, criminal conduct, and dishonesty by Counter-Defendant Nationwide Recovery, Inc. and the Third-Party Defendants. It is corruption on a wide scale. The activities are so complex and involved that the City of Detroit does not yet know the full extent of the illegal activities. The evidence that the City has acquired thus far is damning and the allegations set forth in this Amended Counter-Complaint and Third-Party Complaint are only the tip of the iceberg. It is only through an intensive discovery process by the City, of the Counter-Defendant and Third-Party Defendants, and their

2

communications, books and records, that the full extent of the crimes committed can be brought to light.

Before this Amended Counter-Complaint and Third-Party Complaint was filed, a careful review was conducted by various groups, including the City of Detroit Police Department's Public Corruption Unit, the City of Detroit's Commercial Auto Theft Unit, and the City of Detroit's Assets and Licensing Unit. In addition, this matter was analyzed and reviewed by the Administration of the Detroit Police Department, as well as the City of Detroit Law Department. What is presented below is only the initial development of the Statement of Facts.

## JURISDICTION AND VENUE

1.      Defendant/Counter-Plaintiff and Third-Party Plaintiff, the City of Detroit, is a municipal corporation created under the laws of the State of Michigan (hereinafter referred to as the "City of Detroit").

2.      Plaintiff/Counter-Defendant, Nationwide Recovery, Inc. is a Michigan Corporation conducting business in the City of Detroit, County of Wayne, State of Michigan (hereinafter referred to as "Nationwide Recovery").

3.      Upon information and belief, Third-Party Defendant, Jerry Parker, is an owner, officer, shareholder, director, employee, agent, and/or representative of Nationwide Recovery.

4.      Upon information and belief, Third-Party Defendant, Hussein M.

Hussein, is an owner, officer, shareholder, director, employee, agent, and/or representative of Nationwide Recovery.

5.      Upon information and belief, Third-Party Defendant, Louay M. Hussein, is an owner, officer, shareholder, director, employee, agent, and/or representative of Nationwide Recovery.

6.      Upon information and belief Third-Party Defendants, Louay M. Hussein and Hussein M. Hussein are brothers.

7.      Third-Party Defendant Sky Line Enterprise 1.0, Inc. is a Michigan Corporation conducting business in the City of Detroit, County of Wayne, State of Michigan.

8.      Upon information and belief, Sky Line Enterprise 1.0, Inc. operates a business under the name MetroTech Auto Sales & Collision at 3101 Michigan Avenue, in the City of Detroit, County of Wayne, State of Michigan (hereinafter referred to as "MetroTech Collision").

9.      Prior to July 5, 2017, MetroTech Collision was a Michigan corporation operating under the name of Sky Line Enterprise, Inc.

10.     Upon information and belief, Third-Party Defendant, Louay M. Hussein, is an owner, officer, shareholder, director, employee, agent, and/or representative of MetroTech Collision.

11.     Upon information and belief, Third-Party Defendant MetroTech Auto

4

Sales, LLC, is a Michigan limited liability company conducting business in the City of Detroit, County of Wayne, State of Michigan (hereinafter referred to as "MetroTech Sales").

12. Upon information and belief, Third-Party Defendant, Hussein M. Hussein, is an owner, member, manager, officer, shareholder, director, employee, agent, and/or representative of MetroTech Sales.

13. Upon information and belief, MetroTech Collision and/or MetroTech Sales have participated in the conspiracy, fraud, and other criminal conduct outlined in further detail below.

14. Upon information and belief, Third-Party Defendant Marc Deldin is a licensed Michigan attorney who has assisted in the perpetration of frauds committed against the City of Detroit by Nationwide Recovery and the other Third-Party Defendants.

15. Upon information and belief, Third-Party Defendant Marc Deldin formerly served as an executive and as General Counsel for Boulevard & Trumbull Towing, Inc. between 2009 and 2013.

16. Upon information and belief, Third-Party Defendant Marc Deldin also works with several other towing companies that appear to have a connection with Boulevard & Trumbull Towing, Inc. within the City of Detroit.

17.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1367 which gives the district court supplemental jurisdiction over state law claims.

18.     Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that give rise to this Amended Counter-Complaint and Third-Party Complaint occurred in this district.

<u>**COMMON ALLEGATIONS**</u>

19.     Upon information and belief, at all times relevant to this Amended Counter-Complaint and Third-Party Complaint, Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have operated a lucrative towing business in the City of Detroit pursuant to Detroit Ordinance sec. 55-1-1, et seq.

20.     Detroit Ordinance sec. 55-1-1, et seq., provides for the awarding of towing permits to companies who share in the City of Detroit's common goals of a well-managed vehicle towing system, affording a high level of service, convenience and professionalism.

21.     A company that is awarded a towing permit pursuant to Detroit Ordinance sec. 55-1-1, et seq. is authorized to provide towing services to the City of Detroit when vehicles need to be towed such as illegally parked vehicles, confiscated vehicles, and vehicles involved in accidents.

22.     No other individuals or entities are permitted to provide towing services to the City of Detroit other than those properly issued a permit pursuant to Detroit

Ordinance sec. 55-1-1, et seq.

23.     In order to be awarded a towing permit, the applicant must be a Detroit-based tower, which is defined as the physical and economic relationship to Detroit determined by the payment of City of Detroit income taxes on the towers profits and city property taxes on the towers vehicle storage lot, yard or garage.

24.     Detroit Ordinance, sec. 55-2-82, expressly states the goal of the City of Detroit in the awarding of towing permits is to provide for the equitable distribution of towing to all companies on the list of authorized towers, as nearly as practicable.

25.     The Rules and Regulations promulgated by the City of Detroit relating to towing provide that towing permits cannot be transferred, sold or assigned to any other person or entity.

26.     An authorized towing company must notify the City of Detroit within 9 days if the company sells, or in any manner transfers, the entire company, a substantial portion of its assets, or 10% or more of the outstanding stock, or if there is a change in any of the partners, owners, or officers of the tow company.

27.     Pursuant to Detroit Ordinance sec. 55-1-1, et seq, Nationwide Recovery applied for and was issued tow permit 16-047 on June 1, 2016, expiring May 31, 2021.

28.     The allegations contained in this Amended Counter-Complaint and Third-Party Complaint primarily concern the fraudulent and criminal conduct

perpetrated against the City of Detroit by Third-Party Defendant Louay M. Hussein, with the assistance of the other Third-Party Defendants and the Counter-Defendant Nationwide Recovery.

29. Around 2007, Third-Party Defendant Hussein M. Hussein, who is believed to be the owner of MetroTech Collision, was criminally charged for his involvement in the theft of a stolen motor vehicle.

30. At this time, Third-Party Defendant Louay M. Hussein offered to provide the Detroit Police Department information on similar crimes involving other individuals in exchange for leniency with respect to his brother.

31. An agreement was eventually reached between the City of Detroit and Third-Party Defendants Louay M. Hussein and Hussein M. Hussein, and the charges against Hussein M. Hussein were either reduced or dismissed.

32. Since that time, Third-Party Defendant Hussein M. Hussein has continued to operate MetroTech Collision.

33. Upon information and belief, around 2016, the City of Detroit Police Department became aware that Third-Party Defendant Louay M. Hussein purchased an ownership interest in Counter-Defendant Nationwide Recovery.

34. Since that time, Third-Party Defendant Louay M. Hussein has been the most central figure in the operations of Nationwide Recovery.

35. Upon information and belief, since around 2010, Nationwide Recovery

and the Third-Party Defendants have been involved in business relationships with Gasper Fiore.

36.     Gasper Fiore, who was recently federally indicted, together with other members of his family and several of their business entities, are currently involved in a similar lawsuit with the City of Detroit as a result of their fraudulent and criminal conduct.

37.     Since that time, the activities of the Nationwide Recovery have become suspect and have been the subject of investigation by the City of Detroit Police Department.

38.     Upon information and belief, Nationwide Recovery and the Third-Party Defendants, conspired to commit and committed fraud against the City of Detroit and participated in, were complicit in, and conspired to commit auto theft, among other crimes.

A. **NATIONWIDE RECOVERY'S INVOLVEMENT IN VEHICLE THEFTS FROM 2016 THROUGH THE PRESENT.**

39.     Nationwide Recovery, Hussein M. Hussein, Louay M. Hussein, Jerry Parker, MetroTech Collision, and MetroTech Sales, and Marc Deldin have engaged in criminal conduct and conspiracy to defraud the City of Detroit and its citizens by orchestrating a scheme whereby Nationwide Recovery and the Third-Party Defendants have participated in the theft of motor vehicles within the City of Detroit.

40.     MCL 257.252d authorizes police agencies to cause for the removal of

certain vehicles, including stolen vehicles, vehicles involved in traffic crashes that cannot be safely operated away from the scene, and vehicles used in the commission of a crime.

41.     The City of Detroit Police Department initiates such impounds by contacting the appropriate tow company in accordance with applicable directives and general orders.

42.     Such impounds are typically at the owners' expense.

43.     Once a vehicle is removed to the towing company's lot, the role of the Detroit Police Department with respect to the vehicle is greatly minimized, and the towing company becomes custodian on the vehicle.

44.     MCL 257.252d(5) imposes a duty on the tower once a vehicle has come into its possession:

> Not less than 20 days but not more than 30 days after a vehicle has been released [by the police agency authorizing its removal], **the towing agency or custodian shall notify the police agency** to enter the vehicle as abandoned and the police agency shall follow the procedures set forth [in Michigan's Abandoned Vehicle Statute] if the impounded vehicle has not been redeemed. (emphasis added).

45.     Consistent with the aforementioned statutes, the Detroit Police Department requires its authorized towing companies to submit an Abandoned Vehicle Report to the Abandoned Vehicle Task Force.

46.     The Abandoned Vehicle Report contains information necessary to enter

10

the vehicle as an "abandoned vehicle" into Michigan's Law Enforcement Information Network (hereinafter "LEIN").

47.   The act initiates a series of "due process" steps that will eventually result in a "Bill of Sale" being issued.

48.   Once the "Bill of Sale" is issued, the Abandoned Vehicle Task Force takes certain administrative steps that ultimately permits the towing company to hold an auction at their lot.

49.   The Detroit Police Department's towing policy requires a Detroit Police Department officer **on site of the towing of a stolen vehicle**.

50.   For at least the last year, Nationwide Recovery has had the reputation of recovering stolen vehicles within the City of Detroit at a suspiciously alarming rate and under highly questionable circumstances.

51.   In addition to Nationwide Recovery's suspiciously high rate of recovering stolen vehicles, the City of Detroit has obtained evidence of criminal conduct engaged in by Nationwide Recovery and the Third-Party Defendants.

52.   For instance, in approximately May 2016, during the course of the apprehension of a car thief, members of the City of Detroit Police Department's Commercial Auto Theft Unit, observed the apprehended car thief drop a cell phone.

53.   The Detroit Police Department Sergeant picked up the cell phone and saw evidence of either phone calls or text messages between the car thief and Third-

Party Defendant Louay M. Hussein.

54.     The content of the text messages was suspicious and raised questions as to Third-Party Defendant Louay M. Hussein's participation in auto thefts.

55.     One such text message directed to Third-Party Defendant Louay M. Hussein stated: "348 Highland in the alley".

56.     Although the text message confirmed many in the City of Detroit Police Department's suspicions of Louay M. Hussein's involvement in criminal activity, specifically the theft of automobiles, members assigned to the City of Detroit's Commercial Auto Theft Unit concluded that there was not enough evidence to pursue criminal charges against Louay M. Hussain, based on the suspicious text message alone.

57.     In approximately August 2016, Nationwide Recovery's rate of recovering stolen vehicle within the City of Detroit began to greatly increase.

58.     At the same time, the Commercial Auto Theft Unit began receiving complaints that stolen vehicles were recovered shockingly quickly, sometimes **before they had even been reported stolen**.

59.     The City of Detroit Police Department's Towing Liaison Unit also received complaints from field personnel about Nationwide Recovery locating stolen vehicles within the City of Detroit, under the guise that the vehicles were being recovered for a different police agency, such as Wayne County.

12

60.    In many of those cases, when members of the Detroit Police Department would arrive on location, there would already be a tow truck on the scene with the stolen vehicle, **but no officer from the recovering jurisdiction present**.

61.    This practice often led to disagreements as to which jurisdiction would recover the vehicle, and made the officers suspicious of the circumstances relating to the recovery and the involvement of the recovering jurisdiction.

62.    On or about December 27, 2016, Third-Party Defendant Marc Deldin authored a legal opinion regarding whether the City of Detroit's ordinances restrict or govern a deputy officer's decision to authorize the removal of a stolen vehicle and whether the law requires a deputy to be physically present at the scene prior to authorizing the removal.

63.    This legal opinion has been utilized since December 27, 2016, by Nationwide Recovery and its employees, agents, and representatives, as well as the other Third-Party Defendants to further their scheme to commit fraud against the City of Detroit and to participate in the theft of automobiles.

64.    This legal opinion furthered the criminal conduct of the Nationwide Defendants.

65.    Significantly, that legal opinion acknowledges that dissemination of the letter (the opinion letter) could waive the attorney client privilege.

13

66.     The letter was disseminated by Nationwide Recovery and its tow truck drivers to the Detroit Police Department, and thus the privilege has been waived.

67.     By August of 2016, reports of an investigation by the Federal Bureau of Investigation into collusion between a number of Detroit Police officers, a towing company, and a collision shop, began to surface.

68.     The members of the Detroit Police Department who were involved were suspended, and at least some of them have since separated from the Department.

69.     In addition, the City of Detroit Police Department's Public Corruption Unit, also has forwarded information regarding towing matters to the Federal Bureau of Investigation.

70.     The scope of any investigation undertaken by the federal government is currently unknown.

71.     However, the Internal Affairs Unit would later assign members of the Public Corruption Unit to investigate towing matters.

72.     During the course of their investigation, members of the Detroit Police Department's Public Integrity Unit contacted the Wayne County Sherriff's Office and were advised that Wayne County's policies with respect to the towing of stolen vehicles mirrors that of the Detroit Police Department.

73.     Notwithstanding the foregoing, Nationwide Recovery has repeatedly

14

violated the policy of the City of Detroit requiring that a Detroit Police Department officer is on site during the towing of a stolen vehicle.

74.     Upon information and belief, the criminal activities of Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein continued into 2017 with the involvement of an individual from the Highland Park Police Department who is also assigned to the Wayne County Sheriff's Department's Auto Theft Recovery Department/task force.

75.     In March 2017, the City of Detroit began a three-month long stolen car initiative for the recovery of stolen vehicles.

76.     During this initiative, the City of Detroit Police Department would administratively recover stolen vehicles located by private towers and then permit the private towers to tow the vehicle to their lots.

77.     The City of Detroit's initiative required: (1) a Detroit police officer be present for all recoveries; (2) all recoveries could take place only during the day; and (3) the City of Detroit Police Department would keep records of all impounds.

78.     During the initiative, the City of Detroit collected data pertaining to the recovery of stolen vehicles by towers, including the number of stolen vehicles recovered by each towing company and specific details pertaining to each recovery.

79.     During the first month of the initiative, Nationwide Recovery rarely participated in the program.

80.   During the second and third months of the initiative, Nationwide Recovery regularly participated in the program.

81.   The recovery of vehicles by Nationwide Recovery far exceeded the recoveries by all other towing companies, even though Nationwide Recovery only participated in the program for two of the three months.

82.   By the end of the initiative, Nationwide Recovery had recovered 217 vehicles, which was 56 vehicles more than the next highest tow company, which had fully participated in the program.

83.   Moreover, text messages received from Third-Party Defendant Louay M. Hussein suggested that Nationwide Recovery was simultaneously recovering additional stolen vehicles from other jurisdictions during the same time period.

84.   The recovery rate of the number of vehicles recovered by Nationwide Recovery was approximately 25% more than the company with the next highest rate, even though Nationwide Recovery had only actively participated in the initiative for two months out of the three month period.

85.   Additionally, Nationwide Recovery recovered far more new model vehicles than any other towing company involved in the program.

86.   Moreover, Nationwide Recovery recovered a substantial, and suspiciously high, number of vehicles within a short time following the original theft of the vehicle.

87.     In May 2017, the Detroit Police Department's Public Corruption Unit was advised that the Department's Telephone Crime Reporting Unit had identified an officer from the Highland Park Police Department, who was working with Wayne County, but who was not sending the required notifications through LEIN to the Commercial Auto Theft Unit.

88.     This reporting was necessary to start the process of notifying vehicle owners that their vehicles had been recovered.

89.     An indefinite but substantial number of stolen vehicles reported by this Highland Park Police Officer were quickly recovered by Nationwide Recovery.

90.     This failure to report the recovery of vehicles caused delays in notifying owners that their vehicles had been recovered.

91.     These excessive delays benefitted Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein because storage fees continue to rapidly accrue for each day the vehicle sits in the lot following its recovery.

92.     Between May and July 2017, on intuition, the City of Detroit's Public Corruption Unit began to follow stolen vehicles in an effort to see if victims were being referred to any particular collision shops when damage to the vehicles was sustained in the course of the theft.

93.     The Public Corruption Unit found that these victims were in fact being referred to the same collision shop – Third-Party Defendant MetroTech Collision

17

and/or Third-Party Defendant MetroTech Sales, which are owned by Third-Party Defendant Hussein M. Hussein.

94.     Upon information and belief, Nationwide Recovery advises victims of vehicle thefts that they will waive the towing fees if the victim takes the vehicle to MetroTech Collision and/or MetroTech Sales to have it repaired.

95.     While conducting this investigation, the Public Corruption Unit also learned that Nationwide Recovery was involved in the supposed "recovery" of a rental vehicle under unusual and suspicious circumstances.

96.     In that case, the rental vehicle was parked next to an abandoned building and had its tires removed.

97.     On or about May 9, 2017, after the renter of the rental vehicle contacted the rental company to inform them of the theft, and to ask them to retrieve the vehicle, Nationwide Recovery arrived at the scene and picked up the vehicle, **even though the vehicle had never been reported as stolen**.

98.     The victim's son attempted to run outside to stop the Nationwide Recovery tow truck driver from driving off with the rental vehicle, but he was unsuccessful.

99.     An investigation revealed that the same Highland Park Police officer had conducted a LEIN check the vehicle prior to the vehicle being recovered.

100.    The LEIN check would have revealed that the vehicle had not been

reported as stolen.

101. Furthermore, there was no evidence that any police agency had conducted any sort of on-scene investigation prior to ordering the vehicle removed.

102. Towing documents from Nationwide Recovery revealed that it impounded the rental vehicle on May 9, 2017 at 10:18 A.M.

103. Following this incident, the City of Detroit Police Department's Internal Affairs Unit directed the Department's Public Corruption Unit to conduct surveillance operations of Nationwide Recovery.

104. Upon information and belief, Nationwide Recovery and Third-Party Defendant Louay M. Hussein have been improperly incentivizing car thieves to assist in the theft of automobiles within the City of Detroit.

105. During the surveillance operations that followed, the Public Corruption Unit observed that the Nationwide Recovery appeared to operate using up to four tow truck drivers, and six to eight other vehicles, to "locate" stolen cars.

106. The Public Corruption Unit later received information that John Doe, a tow driver for Nationwide Recovery was paying $50-$100 per stolen car.

107. Coincidently, according to tow records of Nationwide Recovery, John Doe was the tow truck driver responsible for the May 9th recovery of the vehicle that had yet to be reported stolen.

108. Third-Party Defendant Louay M. Hussein has even admitted that

Nationwide Recovery offers monetary incentives to individuals who provide tips relating to stolen vehicles.

109.   On July 17, 2017, at approximately 7:02 A.M., a victim reported to the City of Detroit Police Department that her 2007 Jeep had been stolen that morning.

110.   The July 17, 2017 victim also reported that she had a video of the theft.

111.   The video tape that was provided to the Detroit Police Department by the victim of the theft revealed an individual breaking into the victim's 2007 Jeep and pushing it toward the end of the driveway.

112.   The thief then used a distinctly colored purple Sunfire to push the stolen Jeep to a waiting Nationwide Recovery tow truck at the end of the street.

113.   According to the towing document submitted by Nationwide Recovery, the Jeep was recovered at 7:19 A.M., within **16 minutes of the thief pulling away from the victim's home with the stolen vehicle, and before the vehicle had even been reported stolen**.

114.   Nationwide Recovery's towing document states that at the time of the alleged recovery, the 2007 Jeep's wheels and tires were missing, the rear window was broken, and there were push marks on the rear of the vehicle.

115.   Moreover, text messages later received from Third-Party Defendant Louay M. Hussein indicate that a Nationwide Recovery truck was at the location from the vehicle was stripped of its parts **prior to the car thief leaving the area**.

20

116.   Furthermore, according to the text message, a Nationwide Recovery tow truck driver was on the scene within 11 minutes of the vehicle being stolen.

117.   The victim's son, an officer with the Detroit Public Schools Police Department, went to Nationwide Recovery's tow yard to inspect and retrieve the 2007 Jeep for his mother later that same day, July 17, 2017.

118.   The attendant at Nationwide Recovery's tow yard, an individual named Jamal, was visibly shocked and nervous that the vehicle owner's son had responded so fast to the yard.

119.   Nationwide Recovery immediately offered to waive all fees and to have the vehicle repaired.

120.   Nationwide Recovery's towing documents also identified the officer from the Highland Park Police Department as the complaining officer.

121.   The complaining officer is the one who verifies that a vehicle has been reported as stolen through a LEIN check and signs off on the tow.

122.   On that same day, when the victim's son tried to contact the complaining officer at the Highland Park Police Department, he was advised that the complaining officer was out of town.

123.   The Detroit Police Department conducted an investigation on this Highland Park Police Department officer who was connected to many of the vehicles recovered by Nationwide Recovery in the City of Detroit.

124. The Highland Park Police Department refused to provide any information to the Detroit Police Department about this officer.

125. The Detroit Police Department later found the distinctly colored purple Sunfire from the video being driven on the East Side of Detroit.

126. A Detroit Police officer stopped the purple Sunfire and found that it contained auto theft tools in the vehicle.

127. The purple Sunfire was the same vehicle that was involved in the theft of the 2007 Jeep that was pushed to a Nationwide Recovery tow truck on July 17, 2017.

128. On or about July 20, 2017, the City of Detroit Police Department suspended Nationwide Recovery from its towing rotation pursuant to Directive 204.4 of the Detroit Police Department Manual.

129. On or about July 28, 2017, while on a surveillance assignment, members of the Commercial Auto Theft observed a car thief push a 2015 Jeep Cherokee into an alley at Lawton and Vickburg.

130. Within five minutes of the 2015 Jeep being pushed into the alley, a tow truck operated by Nationwide Recovery pulled up to the vehicle.

131. Twenty minutes later, an accomplice, that same Highland Park Police officer, arrived on the scene, and the car was towed by Nationwide Recovery.

132. This "find" was suspicious, in part, because the surveillance detail

**never** saw any of Nationwide Recovery's trucks scouting the area prior to the find.

133.   The truck belonging to Nationwide Recovery appeared to simply drive up to the 2015 Jeep **within five minutes of the time the stolen vehicle was left in the alley**.

134.   On or about August 2, 2017, while recovering a stolen vehicle, a member of the City of Detroit Police Department was approached by a man on a bicycle, who asked the officer if he could report the stolen vehicle to Nationwide Recovery and indicated that Nationwide Recovery paid him $50.00 for information on any stolen vehicle.

## B. **THE INVENTORY OF NATIONWIDE RECOVERY'S LOT IN AUGUST, 2017.**

135.   On or about the first week of August 2017, Nationwide Recovery submitted approximately 83 Abandoned Vehicle Reports to the Abandoned Vehicle Task Force.

136.   Nationwide Recovery has a history of submitting abandoned vehicle reports to the Detroit Police Department in an untimely manner and contrary to Detroit Police Department policy.

137.   A review by Detroit Police Department personnel assigned to the Abandoned Vehicle Task Force revealed that there were stolen vehicles on Nationwide's lot that had been impounded by the Detroit Police Department going back to 2015.

138.   As indicated previously, MCL 257.252d(5) imposes a duty on the tower once a vehicle has come into its possession:

> Not less than 20 days but not more than 30 days after a vehicle has been released [by the police agency authorizing its removal], **the towing agency or custodian shall notify the police agency** to enter the vehicle as abandoned and the police agency shall follow the procedures set forth [in Michigan's Abandoned Vehicle Statute] if the impounded vehicle has not been redeemed. (emphasis added).

139.   This delay by Nationwide Recovery was unprecedented and suspect.

140.   As a result, members of the Abandoned Vehicle Task Force decided to conduct an inspection on those vehicles which Nationwide Recovery had submitted in their Abandoned Vehicle Reports.

141.   On August 28, 2017, two members of the Abandoned Vehicle Task Force inspected the tow yard of Nationwide Recovery.

142.   The records for the 83 vehicles that Nationwide Recovery wished to have entered as abandoned were in disarray, resulting in "Jamal", a Nationwide Recovery employee, having to fumble through hundreds of tow cards to find the ones that needed review.

143.   Of the 83 vehicles that Nationwide Recovery wished to have entered as abandoned, 14 were stolen vehicles that needed to be administratively recovered.

144.   Of these 14 vehicles, Nationwide Recovery could not produce 4 impound cards.

145. One of the stolen vehicles, a 1995 Ford F-150, could not be located.

146. Contrary to previous instructions issued by the Abandoned Vehicle Task Force, 11 of the 14 stolen vehicles **did not** have control numbers issued by the Detroit Police Department.

147. Of the 14 stolen vehicles on Nationwide Recovery's lot, 2 such vehicles dated back to 2015.

148. Third-Party Defendant Louay M. Hussein claimed to have come across the stolen vehicles during a yard inventory.

149. Third-Party Defendant Louay M. Hussein blamed Third-Party Defendant Jerry Parker for the deficiencies in Nationwide Recovery's records.

150. Third-Party Defendant Louay M. Hussein then handed one of the members of the Abandoned Vehicle Task Force an impound card for a vehicle that had been picked up on February 12, 2016.

151. Third-Party Defendant Louay M. Hussein claimed to have "discovered" the vehicle during a yard inventory.

152. Third-Party Defendant Louay M. Hussein wanted the Task Force member to recover the vehicle and put in LEIN as an abandoned vehicle.

153. Of the 83 vehicles that Nationwide Recovery wished to be entered as abandoned, approximately **80 of the vehicles dated back to 2016**.

154. Typically, the impound cards are hand-written by the Detroit Police

officer on site who then "signs-off" on the stolen vehicle being towed.

155.   A significant amount of the impound cards that Nationwide Recovery provided to the Abandoned Vehicle Task Force were typed and printed on a computer.

156.   In other words, Nationwide Recovery **did not have**, and otherwise **could not turn over**, the original impound card completed by the officer at the time of the original impound.

157.   Before the members of the Abandoned Vehicle Task Force left the Nationwide Recovery lot on August 28, 2017, Third-Party Defendant Louay M. Hussein handed over an additional seven impound cards, six of which were for stolen vehicles, and asked that the vehicles be entered into LEIN as abandoned vehicles.

158.   These seven impounds dated to May 2017, which is an indication that Third-Party Defendant Louay M. Hussein is familiar with the statutory and procedural requirements that abandoned vehicles are to be entered an abandoned vehicles in a timely manner.

159.   Holding onto a vehicle beyond the statutory guidelines would allow a tower to put the vehicle out to auction at the statutory minimum of $1,000.00.

160.   Upon information and belief, Nationwide Recovery is now placing these abandoned vehicles up for auction.

161.   These fraudulent and criminal practices by Nationwide Recovery and

the other Third-Party Defendants has caused substantial damages to the residents of the City of Detroit as victims of car thefts are forced to pay excessive and exorbitant fees to recover their vehicles and some victims are never informed of the location of their vehicles.

162. These fraudulent and criminal practices by Nationwide Recovery and the other Third-Party Defendants has caused substantial damages to the City of Detroit as Nationwide Recovery has exposed the City of Detroit to potential liability as well as damage to its reputation and other monetary damages as a result of its conduct.

## C. FAILURE TO PAY TAXES

163. In addition to the criminal conduct outlined above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have committed conspiracy to defraud the City of Detroit and its citizens by failing to pay required taxes and conspiring to commit tax evasion.

164. The City of Detroit has enacted the Uniform City Income Tax Ordinance codified in §18-10-1 through 18-10-26 of the Detroit City Code (hereinafter referred to as the "Detroit Tax Ordinance").

165. Pursuant to the Detroit Tax Ordinance, every employer that has a location in the City of Detroit, or is doing business in the City of Detroit, is required

27

to withhold income tax from its employees which is due to the City of Detroit.

166.   Pursuant to the Detroit Tax Ordinance, all compensation (salaries, wages, commissions, severance pay, bonuses, etc.) of a City of Detroit resident for services rendered or work performed, regardless of whether such services or work are performed in or out of the City of Detroit, is taxable and must be reported to the City of Detroit on income tax returns.

167.   Similarly, all compensation of a nonresident for services rendered or work performed in the City of Detroit, where the City of Detroit is the predominant place of employment, is also taxable and must be reported to the City of Detroit on income tax returns.

168.   Business entities are also subject to the Detroit Tax Ordinance based on income earned in the City of Detroit.

169.   Upon information and belief, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have fraudulently avoided paying income taxes to the City of Detroit.

170.   The City of Detroit's investigation of Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein revealed, among other things, that Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have (1) failed to file tax returns with the City of Detroit for certain years, (2) have filed false tax returns misreporting

income for certain years, and/or (3) have otherwise failed to pay taxes on income earned in the City of Detroit.

171. Upon information and belief, Nationwide Recovery, MetroTech Collision, and MetroTech Sales conduct substantially all of their business within the City of Detroit.

172. Upon information and belief, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein conduct substantially all of their business within the City of Detroit.

173. Accordingly, each of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein are required to pay taxes on this income to the City of Detroit pursuant to the Detroit Tax Ordinance.

174. Moreover, each of Nationwide Recovery, MetroTech Collision, and MetroTech Sales are required to withhold income from their employees to satisfy the employees' income tax liabilities to the City of Detroit pursuant to the Detroit Tax Ordinance.

175. Upon information and belief, Nationwide Recovery employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

176. Upon information and belief, Nationwide Recovery has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

177. Upon information and belief, MetroTech Collision employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

178. Upon information and belief, MetroTech Collision has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

179. Upon information and belief, MetroTech Sales employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

180. Upon information and belief, MetroTech Sales has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

181. Upon information and belief, Third-Party Defendant Jerry Parker has failed to file income tax returns with the City of Detroit for years 2010 through 2016, inclusive, and has failed to pay required income taxes due to the City of Detroit, in an amount to be determined through the course of discovery.

182. Upon information and belief, Third-Party Defendant Hussein M. Hussein has failed to file income tax returns with the City of Detroit for years 2010 through 2016, inclusive, and has failed to pay required income taxes due to the City of Detroit, in an amount to be determined through the course of discovery.

183. Upon information and belief, Third-Party Defendant Louay M. Hussein has failed to file income tax returns with the City of Detroit for years 2010 through 2013, inclusive, and 2016, and has failed to pay required income taxes due to the City of Detroit, in an amount to be determined through the course of discovery.

184. Upon information and belief, while Third-Party Defendant Louay M. Hussein filed income tax returns with the City of Detroit for years 2014 and 2015, he failed to accurately report income, and as a result, has failed to pay required income taxes due to the City of Detroit, in an amount to be determined through the course of discovery.

185. In addition to the failure to pay required income taxes to the City of Detroit, as outlined in greater detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M.

31

Hussein are also liable to the City of Detroit for penalties and interest as a result of their aforementioned fraud, misrepresentation and conspiracy to evade the payment of required income taxes to the City of Detroit.

186.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein conspired to and misrepresented material facts to the City of Detroit, defrauded the City of Detroit through the filing of false tax returns and the making of false statements on Nationwide Recovery, Inc.'s application for a towing permit with the City of Detroit, and unlawfully failed to pay required income taxes to the City of Detroit.

187.   The statements made by the Counter-Complaint Defendants and Third-Party Complaint Defendants to the City of Detroit in their City of Detroit tax returns are fraudulent misrepresentations of fact.

## COUNT I - PUBLIC NUISANCE
## [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, AND METROTECH SALES]

188.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

189.   A public nuisance is a nuisance that affects an interest common to the general public. *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186,

540 N.W.2d 297 (1995).

190. The criminal and fraudulent conduct outlined above by Nationwide Recovery, MetroTech Collision, and MetroTech Sales constitutes a public nuisance.

191. Nationwide Recovery, MetroTech Collision, and MetroTech Sales, by conspiring to participate in auto theft and other illegal conduct as outlined above, have created a public nuisance.

192. Nationwide Recovery, MetroTech Collision, and MetroTech Sales, own and/or control the property from which the nuisance arises.

193. Nationwide Recovery, MetroTech Collision, and MetroTech Sales, employed others to do work that they knew was likely to create the nuisance.

194. Specifically, these activities are a nuisance and have directly and proximately damaged, and continue to damage, the City of Detroit and its residents by, *inter alia*: Diminution of the value of their property; damage to property and possessions; disruption of lives; emotional distress; and other damages that flow naturally and consequentially from Nationwide Recovery, MetroTech Collision, and MetroTech Sales' actions.

195. The City of Detroit asks this Court to declare Nationwide Recovery, MetroTech Collision, and MetroTech Sales to be public nuisances, and to order the nuisances abated by closure of the businesses.

33

**WHEREFORE,** Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor declaring that Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, and Third-Party Defendant MetroTech Auto Sales, LLC, have conspired to participate in auto theft and other criminal conduct, and as such are public nuisances, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

### COUNT II – ACCOUNTING
### [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

196.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

197.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have control of money or property belonging, in whole or in part, to the City of Detroit.

198.   The City of Detroit and persons adversely affected by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M.

34

Hussein, and Louay M. Hussein's illegal and improper towing practices are due payments, reimbursements, and obligations pursuant to the licensed operations in the City of Detroit.

199. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have acted to underreport, evade, failed to collect or pay City of Detroit Income taxes on behalf of their employees.

200. The improperly handled towing revenues and employee income tax receipts improperly held or accounted for cannot be fully determined from available records of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein or filings or statements to the City of Detroit.

201. The determination of what is justly due to the City of Detroit necessarily involves long and difficult inquiries into information in the possession of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein – not the City of Detroit.

202. The City of Detroit, even with liberal discovery, cannot reasonably be expected to ascertain the amounts due from Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein.

203. The issues are so numerous and distinct and the evidence that would be needed to sustain them so variant, technical, and voluminous that a jury would be incompetent to deal with them intelligently and come to a just conclusion.

204. The City of Detroit is entitled to inspect and copy Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's financial statements and records that would enable the City of Detroit to determine taxes to which the City of Detroit is entitled.

205. The City of Detroit is entitled to inspect and copy information regarding Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's affairs, books, and records, as is just and reasonable.

206. The City of Detroit requests this Court enter an order that:

    a. Compels Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein to provide the City of Detroit a copy of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's ledger, list of shareholders, and financial books and records from inception;

    b. Compels Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein to produce a formal accounting of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's accounts receivable to the City of Detroit;

    c. An accounting be performed on Nationwide Recovery, MetroTech Collision, and MetroTech Sales for all operations related to towing

services performed in the City of Detroit and income tax withholding of employees of the aforementioned entities;

d. Orders Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein to pay the City of Detroit's costs, including reasonable attorney's fees, in obtaining this relief; and

e. Grants any other relief this Court deems appropriate under the circumstances.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, that the trier of fact finds the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

### COUNT III – FRAUD
### [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

207. Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of

Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

208.   Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein represented to the City of Detroit that they were being truthful in their applications for towing permits.

209.   Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein represented to the City of Detroit that they were being truthful in their representations regarding ownership of Nationwide Recovery.

210.   Nationwide Recovery, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein represented to the City of Detroit that they were being truthful in their representations regarding their status of compliance, or non-compliance, with the City of Detroit ordinances and all other applicable laws and regulations with respect to the operation of Nationwide Recovery.

211.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein represented to the City of Detroit that they were being truthful in their filing of City of Detroit income tax returns.

212.   In reality, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein knowingly and

fraudulently filed false tax returns with City of Detroit, and failed to file required tax returns with the City of Detroit, in order to improperly deceive the City into allowing Nationwide Recovery to continue operating pursuant to the towing permit.

213.   These representations were material.

214.   These representations were false.

215.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein knew these representations were false when they were made, or made these representations recklessly, without knowledge of its truth and as a positive assertion.

216.   The representations were made with the intention to induce reliance by the City of Detroit in its issuance and maintenance of the subject towing permits as well as for payment of services.

217.   The City of Detroit reasonably relied on the above representations made by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein.

218.   The City of Detroit reasonably acted on the above representations made by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein in its issuance and maintenance of the subject towing permit as well as for payment of services.

219.   Upon information and belief, Nationwide Recovery, MetroTech

39

Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have made additional material misrepresentations to the City of Detroit, the details which will be revealed through the course of discovery.

220.   The City of Detroit was damaged by the fraud of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein in an amount to be determined through the course of discovery.

221.   The damages sustained by the City of Detroit include, but are not limited to, nonpayment of required income taxes, undermining the stated goals of the City of Detroit's selection process for towing companies, undermining the equitable distribution of authorized towing to all towers on the City's list of authorized towers, the payment of significant amounts of money for services rendered pursuant to the towing permits which were fraudulently obtained and maintained by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein, harm to its reputation, involvement in criminal investigations, costs, attorney fees, interest and other damages to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech

Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein—in excess of $75,000–that the trier of fact finds the City of Detroit entitled to, including, without limitation, exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

## COUNT IV – FRAUDULENT CONCEALMENT
## [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

222. Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

223. As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein suppressed the truth along with additional suppression of the truth which may be revealed through the course of discovery.

224. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein intended to defraud the City of Detroit.

225. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein had legal and/or equitable duties to disclose the truth to the City of Detroit.

226. The City of Detroit was damaged by the fraud of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein in an amount to be determined through the course of discovery.

227. The damages sustained by the City of Detroit include, but are not limited to, nonpayment of required income taxes, undermining the stated goals of the City of Detroit's selection process for towing companies, undermining the equitable distribution of authorized towing to all towers on the City's list of authorized towers, the payment of significant amounts of money for services rendered pursuant to the towing permits which were fraudulently obtained and maintained by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein, harm to its reputation, involvement in criminal investigations, costs, attorney fees, interest and other damages to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech

Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

## COUNT V – COMMON-LAW AND STATUTORY CONVERSION [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

228. Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

229. Michigan law prohibits the following conduct:

Another person's stealing or embezzling property or converting property to the other person's own use.

MCL 600.2919a(l).

230. As alleged in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M.

Hussein unlawfully and knowingly stole, converted, and embezzled money that is lawfully the property of the City of Detroit for their own use, in an amount to be determined through the course of discovery.

231. As alleged in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein unlawfully and knowingly aided in the concealment of stolen, embezzled, and converted money lawfully the property of the City of Detroit, in an amount to be determined through the course of discovery.

232. As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein wrongfully exerted distinct acts of dominion and control over assets of the City of Detroit, specifically, withheld income taxes and payments for towing services, despite being in violation of the Detroit Ordinance controlling towing and other violations of State law, along with additional acts of conversion which may be revealed through the course of discovery.

233. As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did purposefully and wrongfully co-mingle and transfer to themselves and others assets of the City of Detroit without permission or other legal authorization.

234. As outlined in further detail above, Nationwide Recovery, MetroTech

Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did wrongfully convert assets of the City of Detroit into their names and the names of others in taking possession of the assets when they had no legal right to do so.

235. As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's dominion over the City of Detroit's assets were and are inconsistent with, and in repudiation, of the City of Detroit's right to possess the assets.

236. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's dominion over the City of Detroit's assets deprived the City of Detroit of possession and use of the property and assets.

237. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's actions in taking possession of the assets were willful and intentional.

238. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's violations of MCL 600.2919a, individually and collectively, caused the City of Detroit to sustain actual damages in an amount to be determined through the course of discovery, plus costs and attorney's fees.

239. The City of Detroit is statutorily entitled to recover from Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein "3 times the amount of actual damages sustained, plus costs and reasonable attorney fees." MCL 600.2919a(l).

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, that the trier of fact finds the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

## COUNT VI – COLLECTION OF DELINQUENT TAX
## [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

240. Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint

as if fully restated below.

241.   The City of Detroit is duly authorized to institute a City income tax and has authorized a City of Detroit income tax pursuant to the Detroit Tax Ordinance.

242.   The City of Detroit has established said Detroit Tax Ordinance pursuant to §18-10-1 through §18-10-26 of the Detroit City Code.

243.   The Detroit Tax Ordinance requires that any person working in the City of Detroit pay a City of Detroit income tax and that any employer who is subject to the Ordinance must withhold from an employee's wages an amount attributable to the City of Detroit income tax. (City of Detroit Ordinance § 18-10-1, et seq.).

244.   That pursuant to the Detroit Tax Ordinance, an employer who withholds from his employee's wages an amount attributable to the City of Detroit income tax holds said monies in trust for the City of Detroit, (City of Detroit Ordinance §18-10-12 (a)(2)).

245.   As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have failed to pay the sums due to the City of Detroit under the Detroit Tax Ordinance and currently owe an amount to be determined through the course of discovery.

246.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have failed, refused and/or

neglected to pay the amounts due to the City of Detroit pursuant to the City of Detroit tax ordinance.

247.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did knowingly and willfully fail to pay proper taxes under the City of Detroit Tax Ordinance.

248.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein have failed, refused and/or neglected to pay the amounts due the City of Detroit pursuant to the City of Detroit Tax Ordinance.

249.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein knew, or should have known, that money withheld from an employee, pursuant to the Detroit Tax Ordinance, was held by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein as trustee for the City of Detroit.

250.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein, realizing that said money was the property of the City of Detroit, willfully failed, refused and/or neglected to authorize delivery to the City of Detroit, as required by the Detroit Tax Ordinance.

251.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did knowingly and willfully fail

48

to withhold from their employees the amounts due to the City of Detroit pursuant to the City of Detroit Tax Ordinance.

252. Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein's actions or inactions in failing to satisfy their obligations pursuant to the Detroit Tax Ordinance, has resulted in the assessment of interest and penalties.

253. Interest and penalties will continue to accrue and be assessed pursuant to the Detroit Tax Ordinance.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, that the trier of fact finds the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

### COUNT VII – UNJUST ENRICHMENT / QUANTUM MERUIT [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, AND LOUAY M. HUSSEIN]

254.  Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

255.  The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit. *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546; 473 N.W.2d 652 (1991).

256.  As described in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein, individually and collectively, received the benefit of a significant amount of the City of Detroit's money by virtue of their above-referenced fraud, embezzlement, conversion, and other unlawful, wrongful, and inequitable actions and misconduct.

257.  As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein failed to disclose profits, failed to pay appropriate taxes, misappropriated monies for their own purposes or illegally passed profits to other individuals and

entities, along with additional unjust enrichment which may be revealed through the course of discovery.

258.   As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did employ individuals, and have failed to pay money required to be withheld from those individuals pay, to the City of Detroit as required by the Detroit Tax Ordinance.

259.   As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did earn income from operating businesses within the City of Detroit and failed to accurately report said income and pay taxes on said income to the City of Detroit as authorized and required by the Detroit Tax Ordinance.

260.   As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did use monies wrongfully obtained and withheld for their own purposes.

261.   As outlined in further detail above, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein did use monies wrongfully obtained and earned for their own purposes.

262.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein also received the benefit of

hundreds of thousands of dollars in profits through the auto theft scheme and other unfair practices detailed above.

263.  Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein were unjustly enriched by wrongfully obtaining said monies.

264.  Under these circumstances, it would be grossly unjust and inequitable for Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein to retain the benefit of receiving the City of Detroit's property, money, and resources.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, that the trier of fact finds the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

## COUNT VIII – CIVIL CONSPIRACY
## [AGAINST NATIONWIDE RECOVERY, METROTECH COLLISION, METROTECH SALES, JERRY PARKER, HUSSEIN M. HUSSEIN, LOUAY M. HUSSEIN, AND MARC DELDIN]

265. Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

266. A civil conspiracy is, at its root, "an agreement, or preconceived plan, to do an unlawful act." *Bahr v. Miller Bros. Creamery*, 365 Mich. 415, 427; 112 N.W.2d 463 (1961).

267. The unlawful and wrongful actions described above were committed by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin, acting in concert and in combination with one another.

268. Upon information and belief, Nationwide Recovery, MetroTech Collision, and MetroTech Sales are all related entities.

269. Upon information and belief and at all times relevant to this action, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin conspired and worked together to defraud the City of Detroit, evade the payment of required taxes to the City of Detroit, and to commit auto theft.

270.   Upon information and belief, other individuals and entities, who are currently unknown, but who will be determined through the course of discovery, have conspired and worked with Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin to defraud the City of Detroit, evade the payment of required taxes to the City of Detroit, and to commit auto theft.

271.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein conspired to misreport income from certain entities and individuals in order to avoid payment of taxes to the City of Detroit.

272.   The unlawful and wrongful actions described above were committed to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means.

273.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin illegally, maliciously, and wrongfully conspired with one another with the intent to defraud the City of Detroit, and to embezzle and convert the City of Detroit's property.

274.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin have conspired among themselves, and with other third parties to participate in auto theft, as outlined

in greater detail above.

275.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin designed and implemented a systematic scheme to divert the City of Detroit's money to entities owned or controlled by Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and/or Marc Deldin to the benefit of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin and to the detriment of the City of Detroit.

276.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin designed and implemented a systematic scheme to participate in auto theft, as outlined in greater detail above.

277.   Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, and Louay M. Hussein also received the benefit of hundreds of thousands of dollars in profits through the auto theft scheme and other unfair practices detailed above.

278.   Third-Party Defendant Marc Deldin furthered the illegal activity described above with his opinion letter falsely stating that a Detroit Police officer did not need to be located on the scene prior to a stolen vehicle being towed.

279.   The unlawful and wrongful actions described above caused damage to the City of Detroit.

280.   As a direct and proximate result of Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin's above unlawful and wrongful conduct, including conspiracy, Nationwide Recovery, MetroTech Collision, MetroTech Sales, Jerry Parker, Hussein M. Hussein, Louay M. Hussein, and Marc Deldin have damaged the City of Detroit in an amount to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Defendant Nationwide Recovery, Inc., Third-Party Defendant Sky Line Enterprise 1.0, Inc., which operates under the name MetroTech Auto Sales & Collision, Third-Party Defendant MetroTech Auto Sales, LLC, Third-Party Defendant Jerry Parker, Third-Party Defendant Hussein M. Hussein, and Third-Party Defendant Louay M. Hussein, and Third-Party Defendant Marc Deldin, that the trier of fact finds the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees, and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just and equitable.

## COUNT IX - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY

56

## [AGAINST THIRD-PARTY DEFENDANT MARC DELDIN]

281.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

282.   There exists, or existed, a business relationship or expectancy between Nationwide Recovery and the City of Detroit by virtue of the towing permit Nationwide Recovery was operating under.

283.   Third-Party Defendant Marc Deldin had knowledge of the business relationship or expectancy described above.

284.   Third-Party Defendant Marc Deldin intentionally interfered in the above described business relationship or expectancy by way of providing his legal opinion letter indicating that Nationwide Recovery tow truck drivers were not required to have a Detroit Police officer sign off before any stolen vehicles were towed.

285.   Third-Party Defendant Marc Deldin improperly interfered in the above described business relationship or expectancy by way of providing his legal opinion letter indicating that Nationwide Recovery tow truck drivers were not required to have a Detroit Police officer sign off before any stolen vehicles were towed.

286.   Third-Party Defendant Marc Deldin's above described actions were

wrongful.

287.  Third-Party Defendant Marc Deldin's above described actions were committed with malice.

288.  Third-Party Defendant Marc Deldin's above described actions were committed without justification.

289.  Third-Party Defendant Marc Deldin's above described actions were committed for the purpose of invading the business relationship between the City of Detroit and Nationwide Recovery.

290.  The City of Detroit had a valid business relationship or expectancy with Counter-Defendant Nationwide Recovery, Inc.

291.  Third-Party Defendant Marc Deldin knew of the valid business relationship or expectancy between the City of Detroit and Counter-Defendant Nationwide Recovery, Inc.

292.  Third-Party Defendant Marc Deldin intentionally interfered with the valid business relationship or expectancy between the City of Detroit and Counter-Defendant Nationwide Recovery, Inc.

293.  The intentional interference of Third-Party Defendant Marc Deldin induced or caused a breach, disruption, or termination of the valid business relationship or expectancy between the City of Detroit and Counter-Defendant Nationwide Recovery, Inc.

294. The City of Detroit has been damaged due to the due to the disruption of the valid business relationship or expectancy between the City of Detroit and Counter-Defendant Nationwide Recovery, Inc.

295. The damages sustained by the City of Detroit include, but are not limited to, nonpayment of required income taxes, undermining the stated goals of the City of Detroit's selection process for towing companies, undermining the equitable distribution of authorized towing to all towers on the City's list of authorized towers, the payment of significant amounts of money for services rendered pursuant to the towing permits which were fraudulently obtained and maintained by the Counter-Complaint and Third-Party Complaint Defendants, harm to its reputation, involvement in criminal investigations, costs, attorney fees, interest and other damages to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Third-Party Defendant Marc Deldin in an amount that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-047 formerly granted to Nationwide Recovery, Inc. be declared null and void ab initio, together with any additional relief this Court deems just.

Respectfully submitted,

**CUMMINGS, McCLOREY,
DAVIS & ACHO, P.L.C.**

By: /s/ Ronald G. Acho
Ronald G. Acho (P23913)
*Attorneys for the City of Detroit*
33900 Schoolcraft Road
Livonia, MI 48150
Dated:  September 11, 2017        (734) 261-2400

**CITY OF DETROIT,
LAW DEPARTMENT**

By: /s/ Charles N. Raimi
Melvin Butch Hollowell, JR. (P37834)
Charles N. Raimi (P29746)
*Attorneys for the City of Detroit*
2 Woodward Ave., Suite 500
Detroit, MI 48226
Dated: September 11, 2017        (313) 237-5037

60

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 11, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to all counsel of record and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  **N/A**

*/s/ Ronald G. Acho*
RONALD G. ACHO
