UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.,

    Plaintiff,

v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 17-cv-12378
Honorable Linda V. Parker

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY [ECF NO. 48] AND DENYING, AS MOOT, DEFENDANT'S EMERGENCY MOTION FOR INTERIM STAY OF DISCOVERY PENDING RESOLUTION OF MOTION TO STAY [ECF NO. 49]</u>**

Plaintiff initiated this § 1983 lawsuit on July 24, 2017. (ECF No. 1.) This lawsuit arises from Defendant City of Detroit suspending Plaintiff Nationwide Recovery, Inc.'s towing permit without prior notice and a pre-deprivation hearing. (*Id.*) Defendant seeks a stay of the case due to a pending criminal investigation centered on Plaintiff's alleged auto theft and tax evasion, or alternatively, a protective order staying discovery until the Court rules on the parties' cross-motions for summary judgment and Plaintiff's motion to amend its complaint.

Presently before the Court is Defendant's Motion to Stay and Emergency Motion for Interim Stay of Discovery Pending Resolution of Motion to Stay, filed November 17, 2017 and November 22, 2017. (ECF Nos. 48, 49.) Plaintiff filed a

1

response on November 28, 2017. (ECF No. 51.) For the reasons stated below, the Court denies Defendant's motions.

## I. Factual and Procedural Background

Plaintiff is a towing service and operates a motor vehicle storage yard in Detroit, MI. (ECF No. 13.) Beginning in 2010, Defendant began issuing towing permits to qualified towing companies to conduct police authorized tows. (ECF No. 13 at Pg ID 152.) Plaintiff was a holder of a towing permit, Detroit Police Department Tow Permit 16-047, which was set to expire on May 31, 2021. (*Id*. at Pg ID 153-54.) On July 19, 2017, without notice or hearing, officers from the Detroit Police Department took possession of Plaintiff's towing permit. (ECF No. 13 at Pg ID 155.)

In response, on July 24, 2017, Plaintiff initiated this lawsuit. (ECF No. 1.) On August 14, 2017, Defendant filed a Counterclaim, as well as a Third-Party Complaint against Jerry Parker, Hussein M. Hussein, Louay M. Hussein, officers and owners of Nationwide Recovery. (ECF No. 5.) In its Counterclaim and Third-Party Complaint, Defendant alleged Plaintiff conspired to commit fraud and auto theft, among other things.

On September 5, 2017, Plaintiff filed an Amended Complaint, adding a claim for First Amendment retaliation. (ECF No. 13.) After twice amending its Counterclaim and Third-Party Complaint, on October 16, 2017, Defendant

2

voluntarily withdrew its counterclaims and Third-Party Complaint. (ECF Nos. 14, 18, & 27.)

Defendant seeks a stay on the case pending its criminal investigation against Plaintiff. Alternatively, Defendant seeks a protective order staying discovery until the resolution of all pending motions. (*Id*.) Plaintiff filed a motion for leave to file a second amended complaint on October 23, 2017. (ECF No. 32.) Both parties filed cross-motions for partial summary judgment. (ECF Nos. 24 & 41.)

## II.    Applicable Law & Analysis

"[D]istrict courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). District courts consider the following factors when determining whether a case should be stayed:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* The courts also consider the potential implication of Fifth Amendment rights. *Id.* "Ultimately, the burden is on the party seeking the stay to show there is 'pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order.'" *Auramet Int'l, LLC v. C.R. Metals*, No. 16-cv-

3

11177, 2016 U.S. Dist. LEXIS 100607, *9 (E.D. Mich. Aug. 2, 2016). The Court now turns to the balancing of the factors to determine if the case should be stayed.

Although Defendant alleges a criminal investigation is underway, there currently is no pending criminal case or indictment. Therefore, the Court is at a disadvantage to accurately assess whether the issues involved in the criminal case overlap with the civil case. However, Defendant alleges that much of the investigation surrounds the allegations in its withdrawn Counterclaim alleging auto theft and tax evasion. As it relates to the overlap of criminal and civil cases, the Sixth Circuit stated: "[e]ven if they were to overlap, because there is not yet a criminal case, it cannot be said that this factor weighs in [Defendant's] favor." *E.M.A. Nationwide, Inc.*, 767 F.3d at 628.

The second factor weighs in favor of Plaintiff. Generally, if there has been no indictment, a case will not be stayed. *FTC*, 767 F.3d at 628. To the contrary, if a party has been indicted for the same conduct as in the civil case, a stay on a civil case is appropriate. *Id.* ("[T]he likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and . . . the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.") (citing *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). As discussed above, there has been no

criminal indictment. Furthermore, Plaintiff, who is the center of the alleged criminal investigation, opposes the stay and has asserted that it has no Fifth Amendment concerns. (ECF No. 51 at Pg ID 1869.) Even more notable is Plaintiff's assertion that it has made its principals available to interview with the Wayne County Prosecutor and the Department of Justice, and has invited them to intervene in this matter. (ECF No. 51-3.)

Likewise, the third factor weighs in favor of Plaintiff. Plaintiff initiated this lawsuit based on the deprivation of its property interest for the suspension of its towing license. The basis of Plaintiff's business is to conduct police authorized tows and store motor vehicles in its storage yard. However, due to Defendant's suspension of Plaintiff's towing permit, Plaintiff's operations and profits have been adversely impacted. Absent a criminal indictment, a stay in this litigation further delays the resolution of this case and further prejudices Plaintiff from fully operating its business, as well as damages its reputation.

As to the fourth factor, Defendant contends it "has an interest in defending against this lawsuit by fully identifying all information, testimony and evidence relating to the criminal investigation." (ECF No. 48 at Pg ID 1812.) Although this may be true, this factor alone does not persuade the Court to stay the case.

It is in the interest of judicial economy and efficiency that this civil matter proceed. Absent an impending criminal indictment, the Court is uncertain as to

5

how long the stay will last. Although Defendant argues the Court will be burdened with Fifth Amendment assertions, Plaintiff has indicated that it has no Fifth Amendment concerns. Further, Defendant's assertion that not staying this case presents a significant risk to the public interest because "civil discovery could prejudice the criminal investigation by revealing 'the nature, scope and direction of the ongoing criminal investigation, as well as the identity of potential witnesses and targets" is unpersuasive. (ECF No. 48 at Pg ID 1813.)

First, as it relates to both the criminal matter and this civil case, the public interest is served because Defendant has suspended Plaintiff's towing license. As a result, Plaintiff is prohibited from making police-authorized tows and profiting from that business, both acts that allegedly allowed Plaintiff to engage in the unlawful conduct that is the subject of the criminal investigation. Further, "[t]he public interest does not favor either party, as concerns for justice will be dealt with primarily in the criminal case." *Auramet Int'l, LLC*, 2016 U.S. Dist. LEXIS 100607, *12.

Therefore, Defendant has not persuaded the Court to stay this case based on a pending criminal investigation. The Court also denies Defendant's request for a protective order staying discovery until the parties' dispositive motions are resolved, as well as declines to stay discovery based on Defendant's intention to file a motion to dismiss.

Finally, because Plaintiff's motion to amend the complaint remains pending before the Court, Ceila Washington is not a party to this case, and, if she later becomes a party to this action, the Court will consider whether any discovery as to Ceila Washington would be stayed in light of her criminal case.

### III. Conclusion

Accordingly,

**IT IS ORDERED**, that Defendant's motion to stay (ECF No. 48) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's emergency motion to stay pending resolution of motion to stay (ECF No. 49) is **DENIED, as moot.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager