UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.
JERRY PARKER, HUSSEIN M. HUSSEIN,
LOUAY M. HUSSEIN, ANNIE HUSSEIN,
JULIA HUSSEIN, CAROL HENDON,

    Case No. 17-cv-12378
    Honorable Linda V. Parker

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.

_____/

**OPINION AND ORDER (1) GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS (ECF NO. 81) AND (2) DENYING, AS MOOT, DEFENDANT'S MOTION TO STAY (ECF NO. 83) AND (3) PLAINTIFFS' MOTION REGARDING THE SUFFICIENCY OF THE CITY'S ANSWERS AND OBJECTIONS TO NATIONWIDE'S REQUEST FOR ADMISSION (ECF NO. 70)**

This lawsuit arises from the suspension of Plaintiff Nationwide Recovery's ("Nationwide Recovery") towing permit and removal from the police authorized towing list without a pre-deprivation hearing. (ECF No. 1.) Nationwide Recovery initiated a single count § 1983 complaint on July 24, 2017. (*Id.*) Presently before the Court are the City of Detroit's Motion to Dismiss, filed February 16, 2018, the City's Motion to Stay, filed February 21, 2018, and Plaintiffs' Motion Regarding the Sufficiency of the City's Answers and Objections to Nationwide's Request for Admission, filed January 23, 2018. (ECF Nos. 81, 83 & 70.)

Finding the legal arguments in the brief sufficient, the Court is dispensing with oral arguments pursuant to L.R. 7.1(f)(2). For the reasons stated below, the Court grants, in part, and denies, in part, the City's motion to dismiss and denies, as moot, the City's motion to stay and Plaintiffs' motion regarding sufficiency of the City's answers to Nationwide Recovery's request for admission.

I.  **Background[1]**

This action arises out of the suspension of Nationwide Recovery's towing permit and removal from the City's towing list. On August 14, 2017, the City filed a Counterclaim, as well as a Third-Party Complaint against Jerry Parker, Hussein M. Hussein[2], and Louay M. Hussein, all of whom are Nationwide Recovery officers and/or owners. (ECF No. 5.) In the City's Counterclaim and Third-Party Complaint, the City alleged, among other things, that Nationwide Recovery conspired to commit fraud and auto theft.

On September 5, 2017, Nationwide Recovery filed an Amended Complaint, adding a First Amendment retaliation claim. (ECF No. 13.) After twice amending its Counterclaim and Third-Party Complaint, on October 16, 2017, the City voluntarily withdrew its Counterclaim and Third-Party Complaint. (ECF Nos. 14, 18, & 27.)

---

[1] For a complete factual and procedural history, see the Court's August 21, 2018 Opinion and Order. (ECF No. 119.)
[2] Also referred to as "Sam Hussein."

On December 6, 2017, this Court granted Nationwide Recovery's request to amend its Complaint a second time to add additional parties and claims. (ECF Nos. 32 & 57.) On December 29, 2017, Nationwide Recovery filed its Second Amended Complaint, adding (1) Jerry Parker, (2) Hussein M. Hussein, (3) Louay M. Hussein, (4) Annie Hussein, (5) Julia Hussein, and (6) Carol Hendon as Plaintiffs; (1) Charles N. Raimi, (2) Ronald G. Acho, and (3) Cummings, McClorey, Davis, & Acho, P.C. ("CMDA") as Defendants; and claims for intentional infliction of emotional distress, tortious interference with business expectancy and relationship, conspiracy to violate constitutional rights, and loss of consortium. (ECF No. 61.)

According to Plaintiffs, the City engaged in retaliatory tactics because Nationwide Recovery initiated this action. Plaintiffs complain that the City engaged in the following:

1) falsely exposed Louay Hussein as an informant;
2) terminated Nationwide Recovery's permit;
3) declared Nationwide Recovery's permit *void ab initio*;
4) permanently removed Nationwide from the tow list;
5) conditioned reinstatement on dismissal of suit;
6) accused Nationwide Recovery of wrongdoing;
7) instituted an audit;
8) instituted retaliatory litigation;
9) falsely informed public and customers that Nationwide Recovery engaged in auto theft; and
10) instituted an income tax audit.

On February 16, 2018, the City filed the instant motion to dismiss. (ECF No. 81.) Subsequently, on March 19, 2018 and April 10, 2018, Plaintiffs voluntarily dismissed all Defendants, except the City, as well as dismissed their claims for intentional infliction of emotional distress and tortious interference with business expectancy and relationship. (ECF Nos. 95 & 105.)

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## III. Applicable Law & Analysis

The City's motion to dismiss was filed on behalf of itself and Charles N. Raimi, a city attorney who Plaintiffs have since dismissed. The City seeks dismissal based on the following: (1) absolute immunity under the prosecutorial privilege for Raimi, (2) absolute immunity under the litigation privilege for the City, (3) qualified immunity for the City and its attorneys, (4) tort liability immunity, and (5) dismissal of Plaintiffs' due process claims. Because Plaintiffs' dismissed Raimi, any argument relating to him is moot. Further, the City's argument for the dismissal of Plaintiffs' due process claim was denied as moot.

5

(*See* ECF No. 119.) The remaining grounds for dismissal before the Court are the City's arguments for dismissal under the litigation privilege, qualified immunity, and tort liability immunity.

### A. Absolute Immunity

A "prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Although the City relies on *Imbler*, as well as a number of other cases, to assert its claim for prosecutorial immunity, *Imbler* does not apply to this case. In *Imbler*, the United States Supreme Court stated:

> We have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than an advocate. *We hold that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983*.

*Id.* at 430 (emphasis added). Furthermore, in *Hartman v. Moore*, 547 U.S. 250, 262 n.8 (2006), the United States Supreme Court stated, "[a]n action could still be brought against a prosecutor for conduct taken in an investigatory capacity, to which absolute immunity does not extend." As such, it is clear that absolute immunity does not apply to the investigatory or administrative conduct as alleged here. Additionally, the City focuses much on the filing of the counterclaim and its right to assert a defense, but Plaintiffs' allegations go beyond the filing of a

6

counterclaim. Plaintiffs' allegations include the revocation of its license after this lawsuit was filed, as well as false statements made to the public and customers that Nationwide Recovery was involved in auto theft. Plaintiffs also complain of the City declaring Nationwide Recovery's permit as *void ab initio* and conditioning reinstatement on the dismissal of this lawsuit. The Court in *Imbler* specifically stated immunity applies when "initiating a prosecution" and "presenting the State's case." There is nothing before the Court to indicate that a criminal action has been instituted against Plaintiffs to warrant dismissal under a theory of absolute immunity. The City has failed to present any authority on absolute immunity that protects them from civil suit under these facts.

### B. Qualified Immunity

Qualified immunity protects state actors who perform discretionary functions from being sued under §1983 from damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks omitted). The determination of whether a government official is entitled to qualified immunity is a two-step inquiry: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly

established at the time of the violation?" *Miller v. Sanilac Cnty*, 606 F. 3d 240, 247 (6th Cir. 2010) (internal quotation marks and citations omitted).

Plaintiffs allege that the "City, acting under color of law, through a formal policy or policy approved by high policymaking official(s) or unofficial customs, authorized to retaliate against Plaintiffs." (ECF No. 61 at Pg ID 2539.) Plaintiffs claim that Raimi, Acho, and CMDA made the decision to retaliate against Plaintiffs. However, Plaintiffs voluntarily dismissed Raimi, Acho, and CMDA. (*See* ECF No. 95.)

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality may be held liable for the deprivation of a plaintiff's constitutional rights only where the deprivation results from an official custom or policy of the municipality. *See also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694); *see also Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) (the plaintiff must show that his constitutional rights were violated and that a policy or custom of the county was the "moving force" behind the deprivation of his rights).

Pursuant to *Monell* and its progeny, municipal liability attaches only, "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

8

inflicts the injury[3]," *Monell*, 436 U.S. at 694, and there is an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005). However, a municipality is not liable under § 1983 for the conduct of its employees or agents under the theory of respondeat superior. *Bennett v. City of Eastpointe*, 410 F.3d 810, 818 (6th Cir. 2005) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

Although Plaintiffs allege that the City acted pursuant to an official policy or custom, the Second Amended Complaint does not sufficiently allege what the policy or custom was that authorized the City to retaliate. Further, Plaintiffs allege that Raimi, Acho, and CMDA were the actors responsible for retaliating against Plaintiffs. Plaintiffs have since voluntarily dismissed those Defendants. Because Plaintiffs fail to allege any official custom or policy as it relates to their retaliation claim, and the City cannot be held liable for a § 1983 violation under a theory of respondeat superior, Plaintiffs' First Amendment retaliation claim fails. As it follows, Plaintiffs cannot show there was any violation of a constitutional right.

---

[3] The City is not entitled to qualified immunity on Nationwide Recovery's due process claim. The Court found that the City violated a constitutional right when it unlawfully suspended Nationwide Recovery's permit without a hearing. Further, Nationwide Recovery has shown that the suspension and ultimate revocation of its rights were based on the official policy of the Law Department. The Law Department's official policy declared all towing permits issued in 2016 as *void ab initio* and declined to give Nationwide Recovery the hearing to which it was entitled. (*See* ECF No. 119.)

Therefore, the City is entitled to qualified immunity, and Plaintiffs' First Amendment retaliation claim and conspiracy to violate constitutional rights[4] claim are dismissed, as are as Plaintiffs Jerry Parker, Hussein M. Hussein, and Louay M. Hussein.

**C. State Claim - Loss of Consortium**

The City seeks state law immunity for counts III, IV, and VI of Plaintiffs' Second Amended Complaint. Sometime after this motion was filed, Plaintiffs dismissed its claims for intentional infliction of emotional distress and tortious interference with business expectancy and relationship, counts III and IV of the Second Amended Complaint. The remaining claim is for loss of consortium, which is alleged by Plaintiffs Annie Hussein, Julia Hussein, and Carol Hendon. Plaintiffs Annie Hussein, Julia Hussein, and Carol Hendon are the wives of Plaintiffs Hussein M. Hussein, Louay M. Hussein, and Jerry Parker, respectively. "[U]nder § 1983, precedent shows that a state-law claim for loss of consortium may be brought alongside a substantive § 1983 claim, pursuant to the pendent

---

[4] Plaintiffs allege that "Defendants, acting under color of state law, conspired to deprive Nationwide, Jerry Parker, Louay Hussein, and Sam Hussein of federally protected rights, including the right to petition the government under the First Amendment. . . . The object of the conspiracy was to silence, harm, punish and scare Nationwide, Jerry Parker, Louay Hussein, and Sam Hussein, among other objects. (ECF No. 61 at Pg ID 2544.) Because the First Amendment retaliation claim is dismissed, the Court is dismissing the conspiracy claim, which derives out of the retaliation claim.

10

jurisdiction provided by 28 U.S.C. § 1367." *Boyer v. Lacy*, 665 F. App'x 476, 484 (6th Cir. Dec. 14, 2016) (unpublished).

It is undisputed that the wives loss of consortium claim cannot survive if their husband's § 1983 claim has been dismissed. *See Boyer*, at 484 ("The district court dismissed Mr. Boyer's claim because, under Michigan law, a loss-of-consortium claim is derivative of and 'stands or falls' with the underlying claim. *See Moss v. Pacquing*, 183 Mich. App. 574, 583, 455 N.W.2d 339 (Mich. Ct. App. 1990) (citing *Furby v. Raymark Indus., Inc.*, 154 Mich. App. 339, 397 N.W.2d 303 (1986))."); *see also Gosnell v. Monroe County*, No. 3:04-cv-573, 2007 U.S. Dist. LEXIS 5560, at *17 (E.D. Tenn. Jan. 23, 2007) ("Given that the plaintiffs have failed to carry their burden in their § 1983 claims, any claim for loss of consortium based upon those alleged civil rights violations must also fail."). For the reasons stated above, the Court dismissed Plaintiffs Hussein M. Hussein, Louay M. Hussein, and Jerry Parker, as well as their § 1983 claim. Because the loss of consortium claim cannot survive without the § 1983 claim, the loss of consortium claim and Plaintiffs Annie Hussein, Julia Hussein, and Carol Hendon are dismissed.

### IV. Defendant's Motion to Stay and Plaintiffs' Motion Regarding Sufficiency of Answers and Objections to Request for Admission

Given the instant motion to dismiss is resolved, Defendant's motion to stay is denied, as moot. In addition, because the basis of Plaintiffs' motion regarding

11

the sufficiency of the City's answers and objections to Plaintiffs' request for admission were based on the retaliation claim and that claim has been dismissed, Plaintiffs' motion is denied, as moot.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 81) is **GRANTED, IN PART, AND DENIED, IN PART**.

**IT IS FURTHER ORDERED** that Defendant's motion is granted to the extent that Counts I, V, and VI of the Second Amended Complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs (1) Annie Hussein, (2) Julia Hussein, (3) Carol Hendon, (4) Hussein M. Hussein, (5) Louay M. Hussein, and (6) Jerry Parker are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's motion to stay (ECF No. 83) is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion regarding the sufficiency of the City's answers to Plaintiffs' request for admission (ECF No. 70)

is **DENIED, as moot**.

    **IT IS SO ORDERED.**

                                                       s/ Linda V. Parker  
                                                       LINDA V. PARKER  
                                                       U.S. DISTRICT JUDGE

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 21, 2018, by electronic and/or U.S. First Class mail.

                                                       s/ R. Loury  
                                                       Case Manager