UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATIONWIDE RECOVERY, INC., | Case No. 17-cv-12378 |
| JERRY PARKER, | Hon. Linda V. Parker |
| HUSSEIN M. HUSSEIN, | Mag. Stephanie D. Davis |
| LOUAY M. HUSSEIN, ANNIE HUSSEIN, | |
| JULIA HUSSEIN, and CAROL HENDON, | |
|     Plaintiffs, | |

vs.

CITY OF DETROIT,
    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 123) OF THE AUGUST 21, 2018 OPINION AND ORDER (ECF NO. 120)

On July 24, 2017, Plaintiffs initiated this lawsuit against Defendant City of Detroit. (ECF No. 1.) On September 4, 2017, Plaintiffs filed their Amended Complaint. (ECF No. 12.) The following day, Plaintiffs filed a *Corrected* Amended Complaint. (ECF No. 13.) On December 29, 2017, Plaintiffs filed their Second Amended Complaint, which alleged under § 1983 First Amendment retaliation and violation of due process claims. (ECF No. 61.) Subsequently, Defendant filed a motion to dismiss on February 16, 2018. (ECF No. 81.) The Court granted, in part, and denied, in part, Defendant's motion to dismiss, filed on August 21, 2018. (ECF No. 120.) Plaintiffs filed the instant motion for reconsideration shortly thereafter on September 4, 2018. (ECF No. 123.)

The Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. LR 7.1(h)(3). The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

The Court is neither persuaded that Plaintiffs have raised any new issues nor that Plaintiffs have demonstrated a palpable defect in granting, in part, Defendant's motion to dismiss. The Court found that (1) Plaintiffs failed to allege any official custom or policy that relates to their retaliation claim and (2) the Defendant City of Detroit could not be held liable because Plaintiffs voluntarily dismissed the claims against the alleged actors responsible for the alleged retaliation and, regardless, municipalities cannot be held liable under the theory of respondeat superior. On these grounds, Plaintiffs' First Amendment retaliation claim failed. In the present motion, Plaintiffs have not shown a palpable defect in the Court's decision. Rather, the Court finds that Plaintiffs' motion is more accurately characterized as an attempt to reargue the same issues. For these reasons, Plaintiffs' motion for reconsideration is denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (ECF No. 123) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 19, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager