UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN

NATIONWIDE RECOVERY, INC.,      Case No. 4:17-cv-12378
                                            Hon. Linda V. Parker
    Plaintiff,                    Mag. Jdg. Stephanie Dawkins Davis

vs.

CITY OF DETROIT,

    Defendant.

---

### DEFENDANT, CITY OF DETROIT'S, MOTION FOR LEAVE TO FILE BRIEF WITH NEWLY DISCOVERED EVIDENCE IN SUPPORT OF (1) CITY'S SUPPLEMENTAL BRIEFS AT ECF 184 AND 186 AND (2) CITY'S MOTION TO COMPEL AT ECF 188

Defendant, City of Detroit, moves for leave to file the appended supplemental brief in further support of (1) the City's supplemental briefs filed at ECF 184 and 186, and (2) the City's motion to compel at ECF 188. The proposed supplemental brief is appended as exhibit A.

The City's supplemental briefs and its motion to compel address, *inter alia*, the City's efforts to obtain discovery into Nationwide's relationships with its governmental customers. Those "customers" do not pay Nationwide. Rather, they authorize Nationwide to tow vehicles subject to that entity's police powers. Nationwide collects the towing and storage fees directly from the vehicle owners.

1

The state nuisance case revealed that Nationwide had engaged in a corrupt relationship with the Wayne County Sheriff, which allowed Nationwide to charge illegal, fraudulent and outrageous fees. As discussed in the City's prior briefs in this case, Nationwide intends to rely on those outrageous fees as the predicate for its $3+ million damages claim. Specifically, Nationwide's damages claim alleges that after it was terminated as a DPD authorized tower, Nationwide "remained profitable with excess capacity." Nationwide damages model alleges that it was so incredibly profitable, and had so much excess capacity, that it would have been able to handle thousands of additional DPD tows without adding a single tow truck or driver, and with no additional expenditures whatsoever other than a few dollars per tow for gas.

The only plausible way that was possible was that Nationwide's governmental customers allowed Nationwide to continue to charge excessive fees. And the limited discovery produced to date confirms that Nationwide at all times has continued to charge illegal, fraudulent and outrageous fees often 2 or 3 times what would be a reasonable amount. The City intends to oppose Nationwide's claims by arguing that it should not profit from its wrongful conduct.

In its discovery responses, and even though a protective Order is in place, Nationwide has refused to provide any information about its relationships with its governmental customers. Nationwide has refused to produce copies of any contracts and has refused to identify any individuals who oversee the relationship. In the

supplemental briefing Order, the Court asked the parties to address whether the City should have the right to depose Nationwide's governmental customers. The City's supplemental briefs discuss at length why such discovery is critically relevant but, at this point, the City has not even obtained the most basic of information (contracts and key contacts) because Nationwide has stonewalled all such discovery.

In the months after the supplemental briefs, the City served FOIA requests on Nationwide's governmental customers including the Michigan State Police, Highland Park and Wayne State University. The requests asked for contracts and related information. The FOIA requests made no mention of or reference to this litigation.

As shown in the attached proposed supplemental brief, **none of those entities has produced any written contract with Nationwide or, indeed, a single document with Nationwide's name on it. They have produced nothing to show when or why Nationwide was authorized to tow for those entities, who authorized the relationship or the terms and conditions.**

That would seem to answer the question why Nationwide has steadfastly refused to produce copies of contracts and names of key contacts. Without contracts or individuals exercising oversight, Nationwide has evidently been allowed to continue to charge grossly improper fees. And just as Nationwide corruptly obtained

3

the Wayne County business, it seems likely that Nationwide similarly obtained this other governmental business.

Whether the City's suppositions are correct, at a bare minimum this new evidence provides further important support for (1) compelling Nationwide to produce the requested discovery and (2) allowing the City to depose the governmental entities for whom Nationwide is towing.

## CONCLUSION AND RELIEF

Defendant, City of Detroit, asks that the Court grant leave for the City to file the appended supplemental brief (exhibit A) in further support of (1) the City's supplemental briefs filed at ECF 184 and 186, and (2) the City's motion to compel at ECF 188.

City of Detroit law department
Charles N. Raimi (P29746)
/s/Charles N. Raimi
Attorney for defendant
2 Woodward Ave, Suite 500
Detroit, Michigan 48226
Tel: (313) 237-5037
raimic@detroitmi.gov

August 19, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing first set of discovery requests was served by electronic mail on all counsel of record on August 19, 2021.

/s/Charles N. Raimi