UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN

NATIONWIDE RECOVERY, INC.,

    Plaintiff,

vs.

CITY OF DETROIT,

    Defendant.

Case No. 4:17-cv-12378
Hon. Linda V. Parker
Mag. Jdg. Stephanie Dawkins Davis

---

### DEFENDANT, CITY OF DETROIT'S, BRIEF WITH NEWLY DISCOVERED EVIDENCE IN SUPPORT OF (1) CITY'S SUPPLEMENTAL BRIEFS AT ECF 184 AND 186 AND (2) CITY'S MOTION TO COMPEL AT ECF 188

Defendant, City of Detroit, respectfully submits this brief in further support of (1) the City's supplemental briefs filed at ECF 184 and 186, and (2) the City's motion to compel at ECF 188.

On July 29, 2021, the City submitted FOIA requests to several governmental entities including the Michigan State Police, Wayne State University and Police, and the City of Highland Park. Limited discovery produced by Nationwide shows that those entities have collectively authorized Nationwide to tow thousands of vehicles during the years at issue in this litigation – and those activities have continued in 2020 and 2021. The discovery also shows that Nationwide routinely charged

1


EXHIBIT Ex.A

excessive fees to the vehicle owners. It appears Nationwide has collected from those owners millions of dollars in towing and storage fees.

The documents requested included (i) contracts between the entities and Nationwide, (ii) documents evidencing how Nationwide procured the business including all request for proposal (RFP) documents, (iii) policies and procedures for approved towing and storage fees and (iv) email or other written communications with Nationwide.

Exhibit 1 is the FOIA to the Michigan State Police ("MSP"). Exhibit 2 is MSP's response which contains the transmittal letter and a 52 page document which appears to be some sort of a request for proposal. Despite the fact that MSP has authorized Nationwide to tow thousands of vehicles over the past several years, MSP did not produce a contract or, indeed, one single piece of paper with Nationwide's name on it. MSP produced nothing to show that Nationwide had ever been authorized to tow. Nothing to show any terms or conditions. Nothing to show who approved the relationship, when or why, or on what terms.

The 52 page RFP document that was produced has no cover page, no date, and it is unclear if it was ever used. Page 20 states that any resulting contract would cover the period June 1, 2013 – May 31, 2015. But no contract was produced for Nationwide. The RFP appears to have policies for allowed towing and storage fees, but Nationwide's fees for its MSP tows appear to substantially exceed the allowed

amounts. It is difficult, if not impossible to conceive any legitimate explanation for a complete absence of any MSP documentation for a relationship under which Nationwide has towed thousands of vehicles and collected millions of dollars.

Ex. 3 is the FOIA request to Wayne State University and its police ("WSU"). The City requested essentially the same documents. WSU's response is exhibit 4. Not one single document was produced. Nothing to show how, when or why WSU authorized Nationwide to tow, who made the decision or the terms and conditions.

The city's receipt of WSU's FOIA response was delayed – evidently due to the City's spam filter. When the undersigned called WSU's FOIA coordinator, Ms. Lowe, he was told there were no responsive documents and later received exhibit 4 which so states. In that conversation the undersigned asked Ms. Lowe to pass along his regards to Lou Lessem, WSU's general counsel. Mr. Lessem, evidently told by Ms. Lowe that there were no responsive documents, sent the undersigned an email stating "I had a vague memory that Tony Holt [head of WSU's police] had told me a few years ago that he wasn't doing business with these guys."

Exhibit 5 is Highland Park's most recent communication in response to a similar FOIA request that it received on July 12. On August 9, the City's FOIA coordinator advised she had been sick and would respond after she returned to the office on August 10. No response has been received. The nuisance action revealed that Nationwide was in cahoots with a corrupt Highland Park police officer who had

been "deputized" by the Wayne County Sheriff. And a new Chrysler vehicle that had been stolen from the factory, and "recovered" by Nationwide, had ended up with the City of Highland Park before Chrysler demanded and obtained its return.

## CONCLUSION AND RELIEF

The City believes that at least some of Nationwide's governmental customers have allowed Nationwide to shamelessly overcharge vehicle owners to the tune of many millions of dollars. Based on past history, including Nationwide's corrupt relationship with the Wayne County Sheriff and the Highland Park Police, the City believes that its relationships with other governmental entities are corrupt or, at a minimum, the entities are happy to look the other way while Nationwide lines its pockets at the expense of Detroiters. Nationwide now wants to use the resulting illicit profits as the predicate for its $3+ million lawsuit against the City of Detroit.

The City requests that Nationwide fully respond to the outstanding discovery and that the City be allowed to depose the governmental entities.

City of Detroit law department
Charles N. Raimi (P29746)
/s/Charles N. Raimi
Attorney for defendant
2 Woodward Ave, Suite 500
Detroit, Michigan 48226
Tel: (313) 237-5037
raimic@detroitmi.gov

August 19, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing first set of discovery requests was served by electronic mail on all counsel of record on August 19, 2021.

/s/Charles N. Raimi