UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.,
JERRY PARKER,
HUSSEIN M. HUSSEIN,
LOUAY M. HUSSEIN, ANNIE HUSSEIN,
JULIA HUSSEIN, and CAROL HENDON,   Case No. 17-12378
                                    Honorable Linda V. Parker
          Plaintiffs,

vs.

CITY OF DETROIT,

          Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR LEAVE TO FILE BRIEF WITH NEWLY DISCOVERED EVIDENCE" (ECF NO. 191)

On July 24, 2017, Plaintiff Nationwide Recovery, Inc. ("Nationwide") initiated this lawsuit against Defendant City of Detroit ("City").  (ECF No. 1.)  The lawsuit arises from the City's suspension of Nationwide's towing permit and removal of Nationwide from the police authorized towing list without prior notice and a pre-deprivation hearing.  (*Id*.)  On August 21, 2018, the Court found that the City violated Nationwide's due process rights.  (ECF No. 119.)  On March 21, 2021, the Court denied the City's Motion for Partial Summary Judgment Regarding Damages.  (ECF No. 179.)

On April 30, 2021, the Court issued an order requesting supplemental briefing on several issues, including the relevant purpose for which any of Nationwide's current clients should be deposed. (ECF No. 183 at Pg ID 5931.) This order requested that the parties complete their briefing by May 10, 2021. The parties submitted supplemental briefs. (ECF Nos. 184-87.) On July 6, 2021, the City filed a motion to compel Nationwide to produce all information and documents requested in the City's first set of discovery requests served on April 23, 2021. (ECF No. 188.) While the City's motion has been fully briefed (ECF Nos. 189, 190), the Court has not yet decided the issue.

The City now seeks leave to file a supplemental brief in order to present new evidence in support of its supplemental briefing and motion to compel. (ECF No. 191.) According to the City, in the months following the deadline for supplemental briefing, it served Freedom of Information Act ("FOIA") requests on Nationwide's third-party government customers. (*Id.* at Pg ID 6276.) The City categorizes this information as new evidence which supports its previously filed supplemental briefing on the issue of whether the City should be allowed to depose Nationwide's customers and its Motion to Compel. (*Id.* at 6277.) Nationwide opposes the motion due to the City's alleged failure to offer any legitimate factual or legal reason to depose third-party government employees. (ECF No. 192.) In reply, the City argues that a newly received FOIA response from one of

Nationwide's customers supports its suppositions and need for leave to file a supplemental brief. (ECF No. 193.)

The Court has the discretion to grant supplemental briefing in the interest of justice. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015) (*citing Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010)). Here, the FOIA requests may provide new relevant information to the issue of "what relevant purpose should any of Nationwide's current clients be deposed" and this information was not available when supplemental briefing was due. For these reasons, the Court is granting the City's request to file a brief with newly discovered evidence.

Accordingly,

**IT IS SO ORDERED** that Defendant's Motion for Leave to File supplemental Briefs (ECF No. 191) is **GRANTED**.

**IT IS FURTHER ORDERED** that the City shall file supplemental briefing with newly discovered evidence within fourteen (14) days of this Opinion and Order, and Nationwide shall have fourteen (14) days to respond. All briefs shall be

no longer than 10 pages.

**IT IS SO ORDERED.**

                                                                 s/ Linda V. Parker
                                                                 LINDA V. PARKER
                                                                 U.S. DISTRICT JUDGE

Dated: September 27, 2021