UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.,
JERRY PARKER, HUSSEIN M.
HUSSEIN, LOUAY M. HUSSEIN,
ANNIE HUSSEIN, JULIA HUSSEIN,
and CAROL HENDON,

        Plaintiffs,

Civil Case No. 17-12378
Honorable Linda V. Parker

v.

CITY OF DETROIT,

        Defendant.
_____/

**OPINION AND ORDER DENYING CITY OF DETROIT'S MOTION TO COMPEL (ECF NO. 188)**

This is a civil rights action in which the Court has found that Defendant City of Detroit ("City") violated the procedural due process rights of Plaintiff Nationwide Recovery, Inc. ("Nationwide") when the City suspended Nationwide's towing permit and removed it from the police department's authorized towing list without notice and a pre-deprivation hearing. (ECF No. 119.) The matter is presently before the Court on the City's motion to compel, in which the City seeks evidence to undermine Nationwide's claim for compensatory damages. (ECF No. 188.) The motion has been fully briefed. (ECF No. 189, 190.) Finding the facts

and arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Background

In the motion, the City initially sought to compel Nationwide's responses to its interrogatories 3 and 4, and documents requested in document requests 3, 4, 7, and 8. (ECF No. 188 at Pg ID 6095.) Nationwide subsequently produced documents in response to the City's document requests 7 and 8 and informed the City that it would also produce the documents requested in document request 3. Thus, what remains in dispute are the City's interrogatories 3 and 4:

> 3. Identify all governmental towing/storage contracts (or subcontracts) that Nationwide has held since January 1, 2017 (except the DPD tow permit) and, for each, identify the governmental entity and the date the contract/subcontract began and the date it terminated or is set to terminate.
>
> 4. For each contract identified in response to interrogatory 3, identify the individual at the governmental entity who oversees Nationwide's services including name, title, address and telephone number.

(*See* ECF No. 188-2 at Pg ID 6127.) Also in dispute is the City's request for "all of Nationwide's contracts or subcontracts for each of the governmental entities identified in response to interrogatory 3." (*Id*. at Pg ID 6130.)

The City maintains that this evidence is relevant to establish Nationwide's "pattern and practice[]" of charging "illegal and grossly excessive towing and

2

storage charges." (ECF No. 188 at Pg ID 6098.) The City further maintains that such proof is admissible to preclude Nationwide from recovering compensatory damages and to challenge its claimed lost profits as a result of the City's unconstitutional conduct.

In response, Nationwide first urges the Court to stay its ruling on the motion until it decides what evidence will be admissible on the issue of Nationwide's damages.[1] Nationwide next argues that the requested discovery is not relevant to the remaining issue of damages.

## Analysis

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). As Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[1] The Court previously ordered supplemental briefing on several issues related to Nationwide's claimed damages. (*See* ECF Nos. 182, 183.) The parties have briefed those issues. (*See* ECF Nos. 184-187, 195, 198.)

Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Nationwide's towing or storage contracts with other governmental agencies are not relevant to the remaining issues in this lawsuit. The City seeks to show that Nationwide has charged excessive and illegal towing and storage fees in connection with its services to other governmental agencies. While the Court is still considering whether the City may introduce post-termination evidence to cut-off or limit Nationwide's recovery of compensatory damages, the City does not need the details of Nationwide's contracts with other agencies to prove these excessive fees. The City never expressly explains in its briefs the relevancy of the contracts or related information. The City asserts that "Nationwide's wrongful billings were . . . facilitated by its governmental customers" (*see* ECF No. 190 at Pg ID 6271.) Yet this does not tend to prove any of the City's defenses.

4

The evidence at issue does not advance the City's claim that Nationwide was charging excessive fees. Moreover, the City already possesses the evidence it needs to prove this point, to the extent the Court concludes that it is admissible. As the City states in its reply brief, it "has fully documented Nationwide's routine use of illegal, exorbitant and fraudulent fees with its governmental customers including the City of Detroit and the Wayne County Sheriff." (ECF No. 190 at Pg ID 6270; *see also* ECF No. 188 at Pg ID 6111-12 (detailing the evidence reflecting what charges were allowed under other contracts, asserting that Nationwide was charging more, and quoting from state court decision finding that Nationwide engaged in wrongdoing).)

Accordingly,

**IT IS ORDERED** that the City of Detroit's motion to compel (ECF No. 188) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 16, 2022