UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC.,
JERRY PARKER, HUSSEIN M. HUSSEIN,
LOUAY M. HUSSEIN, ANNIE HUSSEIN,
JULIA HUSSEIN, and CAROL HENDON,

       Plaintiffs,                           Case No. 17-cv-12378
                                                  Honorable Linda V. Parker

v.

CITY OF DETROIT,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR DENIAL OF TAXABLE COSTS (ECF NO. 239)

This lawsuit arose from the termination of a towing permit issued by Defendant City of Detroit ("City") to Plaintiff Nationwide Recovery, Inc. ("Nationwide). Because the Court determined that Nationwide had a protected property interest in the permit, and the termination was made without a pre-deprivation hearing, the Court held that the City violated Nationwide's Fourteenth Amendment procedural due process rights. (*See* ECF No. 119.) Nevertheless, the Court subsequently held that Nationwide was entitled to only nominal damages because it was charging the owners of towed vehicles impermissible fees and at least one of its employees had been colluding with car thieves before the towing permit was revoked. (ECF No. 229.) The City's evidence showed that this

misconduct would have warranted the immediate termination of Nationwide's towing permit if a hearing had been held. (ECF No. 229.)

The matter is now before the Court on the issue of whether costs should be taxed against the City pursuant to Federal Rule of Civil Procedure 54(d)(1). On April 23, 2024, Nationwide submitted a Bill of Costs totaling $5,635.12 (ECF No. 234), which the Clerk of the Court reduced to $3,925.75 (ECF No. 235). The City has filed a motion asking the Court to deny costs to Nationwide, completely. (ECF No. 239.) The motion has been fully briefed. (ECF Nos. 251, 252.)

Rule 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "creates a presumption in favor of awarding costs but allows denial at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). As the Sixth Circuit has stated, "the rule was 'intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White*, 786 F.2d at 730 (quoting *Lichter Found., Inc. v. Welch*, 260 F.2d 142, 146 (6th Cir. 1959)) (emphasis removed).

In *White & White*, the Sixth Circuit identified several scenarios where the denial of costs is proper:

> cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, . . . where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, . . . where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, . . . and cases that are close and difficult.

*Id.* (cleaned up).  The prevailing party's ability to pay is not relevant, but "another factor weighing in favor of denying costs is the indigency of the losing party." *Singleton*, 241 F.3d at 539 (citations omitted).  The City argues that Nationwide should be denied costs because it sought over one million dollars in damages and was awarded a dollar.

The Court finds the nominal award to be a persuasive reason for denying an award of costs in this matter, as well as Nationwide's misconduct while operating as a city-approved towing company.  *See HLV, LLC v. Van Buren Cnty.*, 784 F. App'x 451, 454 (6th Cir. 2019) (upholding the district court's denial of costs to the plaintiff where it sought considerable compensatory and punitive damages and was awarded only $1.00); *Virostek v. Liberty Twp. Police Dep't*, 14 F. App'x 493, 511 (6th Cir. 2001) (same).  Contrary to Nationwide's assertion, it did not file this action as a "private attorney general" seeking relief on behalf of the City's towing companies.  Instead, it sought only damages for itself and its principals.

3

In short, the City has overcome the presumption favoring an award of costs to Nationwide as a prevailing party.

Accordingly,

**IT IS ORDERED** that the City of Detroit's Motion for Denial of Taxable Costs (ECF No. 239) is **GRANTED**.

DATE: March 5, 2025                    s/LINDA V. PARKER
                                       UNITED STATES DISTRICT JUDGE