UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE RECOVERY, INC., et al.,

Plaintiffs,

v.

Case No. 17-cv-12378
Honorable Linda V. Parker

CITY OF DETROIT,

Defendant.
_________________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES (ECF NO. 232)**

This lawsuit arose from the termination of a towing permit issued by Defendant City of Detroit ("City") to Plaintiff Nationwide Recovery, Inc. ("Nationwide). Concluding that Nationwide had a protected property interest in the permit, and the termination was made without a pre-deprivation hearing, the Court held that the City violated Nationwide's Fourteenth Amendment procedural due process rights. (*See* ECF No. 119.) Nonetheless, the Court held that Nationwide was entitled to only nominal damages ($1.00) because it was charging the owners of towed vehicles impermissible fees and at least one of its employees had been colluding with car thieves before the towing permit was revoked. (ECF No. 229.) The City's evidence showed that this misconduct would have warranted

the immediate termination of Nationwide's towing permit if a hearing had been held. (ECF No. 229.)

After the Court entered a judgment (ECF No. 230), Nationwide filed a Bill of Costs. (ECF No. 234) and a motion for attorneys' fees and expenses pursuant to 28 U.S.C. § 1988 (ECF No. 232). The City opposed both. (ECF Nos. 239, 257.) Nationwide also appealed the Court's judgment to the Sixth Circuit Court of Appeals. (ECF No. 236.)

While the appeal was pending, the Court granted the City's motion for denial of taxable costs. (ECF No. 260.) The Court "f[ound] the nominal award to a be a persuasive reason for denying an award of costs in this matter, as well as Nationwide's misconduct while operating as a city-approved towing company." (*Id*. at PageID.8461 (citing *HLV, LLC v. Van Buren Cnty.*, 784 F. App'x 451, 454 (6th Cir. 2019).) The Court rejected Nationwide's assertion that it filed the action "as a 'private attorney general' seeking relief on behalf of the City's towing companies." (*Id*.) "Instead," the Court found, Nationwide "sought only damages for itself and its principals." (*Id*.)

On May 8, 2025, the Sixth Circuit issued an opinion affirming this Court's rulings that Nationwide had been deprived of its property interest without the required holding, but that it was entitled to only nominal damages "[b]ecause the

termination of Nationwide's permit was justified." (ECF No. 263.) The Sixth Circuit issued its mandate on January 29, 2026. (ECF No. 265.) This Court had held Nationwide's motion for attorneys' fees and expenses in abeyance pending Nationwide's appeal, as the Sixth Circuit's ruling likely would impact the fee decision. (ECF No. 262.) The Court now denies Nationwide's motion for an award of its attorneys' fees and expenses pursuant to § 1988.

Nationwide seeks attorneys' fees of $776,564.25 and litigation expenses of $36,268.87. (*See, generally* ECF No. 232.) Congress has authorized the award of "a reasonable attorney fee" to "the prevailing party" in civil rights cases, including those filed pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). To qualify as a prevailing party, a party must receive "at least some relief on the merits of at least some of [the party's] claim[.]" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (cleaned up).

"The [Supreme] Court has explained that the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (quoting *Tex. State Tchrs. Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) ("*Garland*")). A plaintiff who proves the existence of any constitutional violation, even one entitling the plaintiff only to nominal damages or other minimal relief, is

considered a prevailing party. *See Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (reasoning that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money [the defendant] otherwise would not pay"). Overcoming the "prevailing party" hurdle, however, does not ensure that the party is entitled to an award at the finish line.

"Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S at 114. "Once civil rights litigation materially alters the relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award . . .." *Id*. (quoting *Garland*, 489 U.S. at 793). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The Supreme Court has held that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id*. at 115.

The Sixth Circuit "ha[s] repeatedly applied *Farrar* to affirm district courts' denials of motions for attorney's fees." *HLV*, 784 F. App'x at 453 (collecting cases). For example, in *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994), the court affirmed the denial of attorney's fees to the plaintiff even though she successfully "vindicate[d] her constitutional rights" because the jury awarded her nominal damages and the plaintiff's "primary goal in the underlying § 1983 action was to obtain monetary damages." *Id*. at 635. Invoking *Farrar*, the Sixth Circuit reasoned that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id*. (quoting *Farrar*, 506 U.S. at 115).

In *Glowacki v. Howell Public School District*, 566 F. App'x 451 (6th Cir. 2014), the Sixth Circuit similarly affirmed the district court's denial of attorney's fees to a plaintiff who established that the defendant violated his First Amendment rights but received only declaratory relief and $1.00 in nominal damages. *Id*. at 453.

In *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003), the court reversed the district court's award of attorney's fees and costs to a plaintiff who established that his civil rights had been violated when police officers arrested him protesting on the steps of city hall, but who the jury awarded only $2.00. *Id*. at 718. In doing so,

the Sixth Circuit addressed the district court's reason for awarding fees—that the plaintiff surely felt that "he was vindicated in his First Amendment Rights by the action that [his attorneys] took"—pointing out that the plaintiff in *Farrar* "also had his constitutional rights vindicated when the jury found that [the defendant] had deprived Farrar of a civil right[.]" *Id.* at 717 (quoting *Farrar*, 506 U.S. at 107). Yet, as the *Pouillon* court noted, the Supreme Court concluded in *Farrar* that it was an abuse of discretion to grant the plaintiff "attorney's fees based on his 'technical' victory." *Id.* (quoting *Farrar*, 506 U.S. at 114). The *Pouillon* court followed the Supreme Court's direction in *Farrar* that, where plaintiffs seek compensatory and punitive damages and receive only "the moral satisfaction of knowing that a federal court concluded that their rights had been violated[,]" 326 F.3d at 717 (quoting *Farrar*, 506 U.S. 114), this "technical victory does not demonstrate a degree of success sufficient to justify any award of attorney's fees pursuant to § 1988," *id.*

Nationwide filed the current lawsuit praying in its initial and amended pleadings for injunctive relief as to its own towing permit with the City and compensatory and punitive damages in an amount exceeding $1 million. (*See* ECF No. 1 at PageID.11; ECF No. 13 at PageID.161-62; ECF No. 13-14; ECF No. 61 at PageID.2546-47.) Contrary to Nationwide's current contention, it did not pursue

this action as a "private attorney general" seeking relief on behalf of any other company awarded a City towing permit. While this Court concluded that Nationwide did have a property interest in its own permit, which was terminated without a pre-deprivation hearing, it ultimately found that the lack of hearing caused Nationwide no harm because, due to Nationwide's earlier misconduct which included collusion with car thieves, the City was entitled to revoke the permit. This is even more reason to apply the general rule that "[w]hen a plaintiff recovers only nominal damages . . . the only reasonable [attorney's] fee is . . . no fee at all." *Farrar*, 506 U.S. at 115.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for attorney fees (ECF No. 232) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 4, 2026